OPINION
{¶ 1} Appellant, Thomas M. Howard, appeals from the April 6, 2004 judgment entry of the Warren Municipal Court, in which he was sentenced for assault.
 {¶ 2} On October 15, 2003, a complaint was filed against appellant for assault, a misdemeanor of the first degree, in violation of Warren City Ordinance 537.03. On October 21, 2003, appellant entered a not guilty plea at his initial appearance. A bench trial commenced on April 6, 2004, and appellant was found guilty.
 {¶ 3} According to appellant, on October 8, 2003, he was a second floor resident of the Riverside Apartments in Warren, Ohio. Appellant indicated that he went down to the first floor to get a flu shot from a nurse who visits the residences on a weekly basis. In the elevator, appellant was told by Richard Wood ("Mr. Wood"), also a resident of the Riverside Apartments, that flu shots were not being given that day. Appellant went to find the nurse anyway. Appellant opened the office door and the nurse responded that she was with a patient and that she would not be giving out flu shots because the vaccines had not come in. Appellant apologized and walked away. Appellant said that he was not angry or upset.
 {¶ 4} Appellant testified that Ramona June Wood ("Mrs. Wood"), Mr. Wood's wife, started to follow appellant down the hallway.[1] Appellant stated that Mrs. Wood, who was helping the nurse, told him that when he comes to see the nurse, he has to sign in like everyone else. Appellant indicated that Mrs. Wood then said, "[d]on't you be pointing your finger in my face." Appellant explained that as he walked away, he heard someone say, "my wife," and then was hit by Mr. Wood. Appellant said that a fight ensued between Mr. and Mrs. Wood, and himself. Appellant denied ever hitting Mrs. Wood.
 {¶ 5} Mrs. Wood testified for appellee, the city of Warren, that she told appellant that he needed to sign in if he wanted to see the nurse. Mrs. Wood stated that appellant's eyes got really big, it seemed like he "lost" it, and she became scared. At that time, Mrs. Wood said that appellant hit her on the right side of her face and on her chest. Mrs. Wood said that Mr. Wood heard the commotion and ran into the hallway. Mrs. Wood indicated that appellant had his fist up and said to Mr. Wood, "do you want some of this, too[?]"
 {¶ 6} According to Mrs. Wood, appellant picked up a card table and threw it at her leg. Mrs. Wood said that appellant attempted to pick up and throw a sofa, but it missed her. Mrs. Wood explained that Lorraine Goroski ("Goroski"), a resident of the Riverside Apartments, was also present, and the sofa struck Goroski on her chest. Mrs. Wood stated that Mr. Wood and appellant began to fist fight. Mrs. Wood indicated that she received visible injuries as a result of the incident and was treated. Mrs. Wood produced pictures and x-rays of her injuries as exhibits at trial.
 {¶ 7} According to Mr. Wood, who testified for appellee, he heard loud voices, walked into the hallway, and saw appellant hit Mrs. Wood. At that time, Mr. Wood stated that a fighting match ensued between appellant and himself. Mr. Wood indicated that appellant threw a card table at Mrs. Wood and heaved a sofa at Goroski.
 {¶ 8} Goroski testified for appellee that she saw appellant hit Mrs. Wood.[2] Goroski indicated that Mr. Wood came running out and a fight ensued. Goroski stated that appellant threw a card table at Mrs. Wood as well as struck Goroski on her chest with another piece of furniture.
 {¶ 9} Pursuant to its April 6, 2004 judgment entry, the trial court found appellant guilty of assault and sentenced him to ninety days in jail, with ninety days suspended, conditioned upon the following: a reporting probationary period of three years; restitution within six months to Mrs. Wood in the amount of $143 provided that Mrs. Wood shows sufficient documentation of her medical bills within thirty days; and a fine of $200, $150 suspended if the medical documentation is sufficient and timely and if restitution is made within the six-month period. It is from that judgment that appellant filed a timely notice of appeal and makes the following assignment of error:
 {¶ 10} "[Appellant's] assault conviction is against the manifest weight of the evidence."
 {¶ 11} In his sole assignment of error, appellant argues that his conviction is against the manifest weight of the evidence. Appellant alleges that Mrs. Wood's injuries cannot be linked directly to him.
 {¶ 12} As this court stated in State v. Schlee (Dec. 23, 1994), 11th Dist. No. 93-L-082, 1994 Ohio App. LEXIS 5862, at 13-15:
 {¶ 13} "`Sufficiency' challenges whether the prosecution has presented evidence on each element of the offense to allow the matter to go to the [trier of fact], while `manifest weight' contests the believability of the evidence presented.
 {¶ 14} "* * *
 {¶ 15} "* * * `[M]anifest weight' requires a review of the weight of the evidence presented, not whether the state has offered sufficient evidence on each element of the offense.
 {¶ 16} "`In determining whether the verdict was against the manifest weight of the evidence, "(* * *) the court reviewing the entire record,weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. (* * *)"' (Citations omitted.) * * *" (Emphasis sic.)
 {¶ 17} A judgment of a trial court should be reversed as being against the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." State v.Thompkins (1997), 78 Ohio St.3d 380, 387.
 {¶ 18} In the case at bar, the evidence clearly shows that appellant committed an assault since he knowingly caused or attempted to cause physical harm to Mrs. Wood. Again, Mrs. Wood said that appellant hit her on the right side of her face and on her chest. Both Mr. Wood and Goroski testified that they saw appellant hit Mrs. Wood on her face and chest. Mr. and Mrs. Wood and Goroski also stated that appellant threw a card table at Mrs. Wood. Mrs. Wood indicated that she received visible injuries as a result of the incident and was treated. Mrs. Wood produced pictures and x-rays of her injuries as exhibits at trial.
 {¶ 19} Pursuant to Schlee and Thompkins, supra, the trier of fact did not clearly lose its way in convicting appellant of assault.
 {¶ 20} For the foregoing reasons, appellant's sole assignment of error is not welltaken. The judgment of the Warren Municipal Court is affirmed.
O'Neill, J., O'Toole, J., concur.
[1] On cross-examination, appellant said that Mrs. Wood called him, and he walked back to her.
[2] At trial, Goroski referred to Mrs. Wood as June, her middle name.